CAHOKIA SPORTSERVICE, INC., a corporation, Plaintiff,

v.

CAHOKIA DOWNS, INC., a corporation, Defendant.

Civ. No. 4014.

United States District Court
E. D. Illinois.

April 28, 1958.

---

687

Husch, Eppenberger, Donahue, Elson & Jones, St. Louis, Mo., Walker & Williams, East St. Louis, Ill., for plaintiff.

Dan McGlynn, East St. Louis, Ill., Schaefer O'Neill, Alton, Ill., for defendant.

JUERGENS, District Judge.

The plaintiff filed its complaint alleging a claim for declaratory relief under the provisions of Section 2201, Title 28 U.S.C., and asks this court to construe an agreement entered into between the plaintiff and the defendant.

In its complaint the plaintiff alleges that this court has jurisdiction by virtue of diversity of citizenship; that the plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Illinois and that the defendant is a corporation existing under and by virtue of the laws of the State of Delaware; that the amount in controversy fairly exceeds the sum of $3,000, exclusive of interest and costs.

The defendant filed its motion to dismiss the complaint for want of jurisdiction for the reason that plaintiff's Exhibit A does not disclose diversity of citizenship between the parties and further that this defendant is not the real party in interest but that the East St. Louis Jockey Club Inc., an Illinois corporation, organized and existing by virtue of the laws of the State of Illinois, is the real party in interest, and, therefore, the plaintiff and the real party in interest above mentioned, both being corporations existing under the laws of the State of Illinois, no diversity of citizenship is present.

Plaintiff's Exhibit A, being the agreement in controversy, was entered into on the 20th day of May, 1954, between the plaintiff and the defendant. In the agreement, both plaintiff and defendant are referred to as Illinois corporations. If this fact was true at the date of filing this suit, then the defendant's motion to dismiss on the basis of lack of diversity of citizenship should be allowed. However, an examination of the plaintiff's pleadings, briefs, and exhibits discloses that at the time of the bringing of this suit the defendant was a corporation organized and existing under the laws of the State of Delaware.

Inasmuch as it now appears that the defendant is a corporation organized and existing under the laws of the State of Delaware and not of the State of Illinois, and the plaintiff is a corporation organized and existing by virtue of the laws of the State of Illinois, there is diversity of citizenship giving this court jurisdiction to hear and determine this cause.

The defendant next contends that it is not the real party in interest in this suit in that it executed and delivered an assignment to the East St. Louis Jockey Club Inc., in words and figures as follows:

"Assignment

"For and in consideration of One Dollar ($1.00) and other good and valuable considerations, the undersigned, Cahokia Downs, Inc., a corporation organized and doing business under and by virtue of the laws

of the State of Delaware, hereby transfers, sells, and assigns unto East St. Louis Jockey Club Inc., a corporation organized and doing business under and by virtue of the Laws of the State of Illinois, all of its rights, titles, and interests in and to the foregoing lease and for the purpose of the said East St. Louis Jockey Club Inc., making application to the Illinois Racing Board for racing dates in the year 1954 and for the further purpose of having the East St. Louis Jockey Club Inc., and Illinois corporation, being a wholly owned subsidiary of Cahokia Downs Inc., acting as Agent for said Cahokia Downs Inc., and conducting the said horse racing meets in the year 1954."

The defendant asserts that by virtue of the above assignment it is not the proper party in interest, that all interest in the leased premises referred to in the agreement in dispute has been transferred to the East St. Louis Jockey Club Inc., and that this latter corporation is the real party in interest and must be made a party to this suit.

By the assignment above set out the defendant purports to transfer all its rights, title and interest in and to the foregoing lease. If the assignment stopped at this point the defendant's contention might be well founded, but the assignment continues "for the purpose, etc." Thus, it is apparent that a complete assignment was not made nor intended. Rather, the assignment was limited and was only for those purposes enumerated. It is not contended that Cahokia Downs Inc., is not the owner of the lease or the leased premises; nor is it contended that Cahokia Downs, Inc., did not contract with this plaintiff.

The court is of the opinion that the assignment above referred to, as entered into between the defendant and the East St. Louis Jockey Club Inc., was not an unlimited and unqualified assignment of all right, title and interest in and to the leased premises, but rather that it was, as that assignment so clearly indicates,

merely an assignment by a parent corporation to a wholly owned subsidiary for certain enumerated purposes: that the parent corporation, the defendant in this suit, was and still is the real owner of the premises and the lease and that the East St. Louis Jockey Club Inc., is merely an agent of the defendant in this suit; that this suit brought against the owner properly charges the real party in interest, and that the East St. Louis Jockey Club Inc., is not the real party in interest in this suit.

For the above reasons the court is of the opinion that the defendant's motion to dismiss the complaint for lack of diversity of citizenship should be denied.